**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JULIUS BRADFORD,

        Plaintiff,

vs.

CHARLES DANIELS, *et al*.,

        Defendants.

2:21-cv-00493-RFB-VCF

**<u>ORDER</u>**

MOTION TO STRIKE [ECF NO. 18]; MOTION TO DROP/SUBSTITUTE PARTY [ECF NO. 20]

      Plaintiff Julius Bradford filed a motion to strike the defendants' answer (ECF No. 18) and a motion to drop defendant Senior Correctional Officer Jesus Ruiz (ECF No. 20). I deny the motion to strike (ECF No. 18) and grant the motion to drop defendant Ruiz (ECF No. 20).

**I.    Background**

      Judge Boulware screened plaintiff's complaint and ordered that his first and second Eighth Amendment conditions of confinement claims claims could move forward. ECF No. 5. Plaintiff argues in his motion to strike the defendants' answer that the defendants' affirmative defenses are (1) not affirmative defenses, (2) impertinent and/or immaterial, and (3) redundant. ECF No. 18. The defendants argue in their response that Bradford did not argue the defendants' affirmative defenses prejudice him in any way moving forward. ECF No. 19. The plaintiff argues in his reply that the defendants' affirmative defenses are insufficient. ECF No. 21. Plaintiff also argues that he does not have to show that he would be prejudiced because prejudice is not a factor in the rules. *Id.* at 3-4. Plaintiff argues in his motion to drop defendant Ruiz that he made a mistake when he named him in his complaint and wants to drop him

1

as a defendant for that reason. ECF No. 20. The defendants did not file a response to plaintiff's motion to drop defendant Ruiz.

**II.     Discussion**

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, *Fogerty v. Fantasy, Inc*., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)); see also 2 James Wm. Moore, Moore's Federal Practice, § 12.37[3], 128-29 (3d ed. 2017) ("To prevail on this motion to strike, the movant must clearly show that the challenged matter 'has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.'").

Whether to grant a motion to strike lies within the discretion of the district court. *Whittlestone, Inc*., 618 F.3d at 973. "[F]ederal courts generally disfavor motions to strike." *D.E. Shaw Laminar Portfolios, LLC*, 570 F.Supp.2d at 1271 (quoting *Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1300 (D. Nev. 2003)). "[C]ourts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (internal quotation omitted)."Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir.1979)).

Plaintiff has failed to make a threshold showing that he will be prejudiced if relief is not granted through the instant motion. Plaintiff can take discovery to better discern the basis of the affirmative defenses raised in this case. Plaintiff is not prevented from challenging these defenses through later proceedings that are better suited to evaluating their sufficiency. Since plaintiff has not shown any

prejudice by allowing the instant defenses to stand at this juncture, I deny the motion to strike. See *Roadhouse*, 290 F.R.D. at 543 (after determining no prejudice existed, finding it unnecessary to strike thirty "listed" affirmative defenses); see also *Russell Road Food & Beverage*, 2013 U.S. Dist. LEXIS 177415, 2013 WL 6684631, at 1-2 and *Bd. of Trs. of the Glazing Health & Welfare Fund v. Z-Glass, Inc.*, No. 2:17-cv-01638-JAD-NJK, 2019 U.S. Dist. LEXIS 233638, at 11 (D. Nev. Apr. 3, 2019) (Finding that a motion to strike is properly denied, without addressing the merits of each affirmative defense, pursuant to *Roadhouse, supra*, when a plaintiff does not make a threshold showing of prejudice.). I grant plaintiff's motion to drop defendant Jesus Ruiz.

Accordingly,

I ORDER that the plaintiff's motion to strike (ECF No. 18) is DENIED.

I FURTHER ORDER that plaintiff's motion to drop defendant Jesus Ruiz (ECF No. 20) is GRANTED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of

service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

    IT IS SO ORDERED.

    DATED this 27th day of October 2022.

    _____
    CAM FERENBACH
    UNITED STATES MAGISTRATE JUDGE