UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JULIUS BRADFORD, | Case No. 21-cv-00493-RFB-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| CHARLES DANIELS, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Plaintiff's [23] Motion for Class Certification and Plaintiff's [26] Appeal of a Magistrate Judge Order.

## II. DISCUSSION

### A. Class Certification

In order to qualify for class certification, the proposed class must meet all the requirements of Federal Rule of Procedure 23(a) and at least one of the requirements of Rule 23(b). Fed. R. Civ. P. 23(a), (b). The proponents of the class bear the burden of demonstrating that all the prerequisites for class designation are met. See Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1041 (9th Cir. 2012), cert. denied, 569 U.S. 975, 133 S. Ct. 2361 (2013). The four threshold requirements under Rule 23(a) are that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

In this case, Plaintiff fails to set forth sufficient cognizable evidence supporting his motion for class certification. He must provide sufficient evidence for his assertions. Meyer, 707 F.3d at 1041. He must do more than make conclusionary allegations. Id. He has not presented adequate or specific information as to numerosity or common questions of law or fact. Indeed, Plaintiff admits that he does not have knowledge of all members of the proposed class and does not provide evidence of the common questions of fact. Additionally, Plaintiff concedes that he cannot meet the requirement for fair and adequate representation. For these reasons, the Court finds that Plaintiff has not met his burden and denies the motion.

### B. Appeal of Magistrate Judge Order

The authority of magistrate judges is limited by 28 U.S.C. § 636, under which a magistrate judge may hear and determine nondispositive matters but not dispositive ones. Bastidas v. Chappell, 791 F.3d 1155 (9th Cir. 2015). As to dispositive matters, the magistrate judge may go no further than issuing a report and recommendation to the district court. Id. Plaintiff moved to strike about 20 of the 28 affirmative defenses asserted by the Defendants.

Ruling on a motion to strike is not dispositive in this case. A dispositive issue generally resolves a claim or controversy; and a dispositive motion definitively concludes one or more claims like with a motion to dismiss or motion for summary judgment. See Dispositive, Black's Law Dictionary (11th ed. 2019). Here, Magistrate Judge Cam Ferenbach denied Plaintiff's motion to strike the affirmative defenses. Even if Plaintiff's motion had been granted, this would not have terminated the claim or case. Moreover, this Court finds no binding or persuasive case law indicating a motion to strike an affirmative defense is dispositive. The Court also does not find on the record that the Judge Ferenbach's Order was erroneous. Consequently, this motion is denied.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's [23] Motion for Class Certification is DENIED.

///

///

///

1 **IT IS FURTHER ORDERED** that Plaintiff's [26] Appeal of a Magistrate Judge Order is
2 DENIED.
3       **DATED:** September 30, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**