# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Julius Bradford,

                Plaintiff,

vs.

Charles Daniels, *et al*.,

                Defendant.

2:21-cv-00493-RFB-MDC

**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME (ECF NO. 37) AND GRANTING DEFENDANTS' REQUEST TO EXTEND TIME (ECF NO. 38)**

Both plaintiff and defendants filed *Motions to Extend Time ("Motions")*: (1) plaintiff seeks an additional thirty days to complete discovery in this case because he has not received documents from the defendants (ECF No. 37) and (2) the defendants seek an additional thirty days to respond to plaintiff's discovery requests because they had not received the discovery requests (ECF No. 38). The Court GRANTS both Motions IN PART.

Discovery in this case closed on November 11, 2024. ECF No. 32. The parties also filed a status report in this case that stated that the parties were close to settling this case, but the parties have not provided any updates to the Court regarding that settlement. It appears that the parties may have lost contact with each other, because counsel filed a notice of change of address shortly after filing the status report. See ECF No. 35.

The Court commends the parties for continuing to work together to resolve their disputes. Since the parties agree that the only remaining discovery at issue is the written discovery that plaintiff sought from the defendants, the Court denies plaintiff's request to extend the discovery deadline but grants plaintiff's request to the extent he seeks more time to review the discovery requests that the defendants send to him. It appears that plaintiff mistakenly filed his discovery requests, which are on the docket at ECF No. 36.

The defendants ask for thirty days to respond to the plaintiff's requests, which the Court grants.

To the extent that defendants seek more time to take discovery, the Court denies an extension of the discovery deadline that closed. Instead, the parties may resolve this last remaining discovery dispute even though discovery is closed. The Court also directs the parties to meet and confer regarding the settlement terms the parties had previously discussed. Given the upcoming holidays, the Court will give the parties additional time to meet and confer.

ACCORDINGLY,

**IT IS ORDERED** that**:**

1. The parties' *Motions to Extend Time* (ECF Nos. 37 and 38) are both GRANTED and DENIED IN PART, as discussed in this Order.

2. The defendants have until **December 30, 2024**, to respond to the plaintiff's discovery requests which are mistakenly filed on the docket at ECF No. 36.

3. The parties have until **January 30, 2025** to

   a. Meet and confer regarding settling this case, as discussed in the joint status report (ECF No. 34);

   b. Discuss the discovery responses and resolve any disputes, if any; and

   c. File a Joint Stipulation regarding whether the parties will settle this case. If the parties cannot settle despite their best efforts, the Stipulation MUST include a new proposed dispositive motion deadline and a new joint pretrial order deadline.

4. The Court VACATES the remaining dispositive motions deadline and the joint pretrial order deadline to facilitate settlement in this case.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

1    of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

2    may determine that an appeal has been waived due to the failure to file objections within the specified

3    time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

4        This circuit has also held that (1) failure to file objections within the specified time and (2)

5    failure to properly address and brief the objectionable issues waives the right to appeal the District

6    Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

7    1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

8    Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

9    change of address. The notification must include proof of service upon each opposing party's attorney,

10   or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may

11   result in dismissal of the action.

12

13       DATED November 27, 2024.

14   _____
     Hon. Maximiliano D. Couvillier III
     United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25